# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Case No. 16-cv-02348-RM-KLM

JOHN F. GARCIA, *by and through his guardian Phyllis Garcia*,
LISA PACHECO,

    Plaintiffs,

v.

FAMILY DOLLAR STORES OF COLORADO, INC.,
FAMILY DOLLAR STORES, INC.,
DOLLAR TREE, INC.,

    Defendants.

___

# ORDER
___

Pending before the Court is the Report and Recommendation ("R&R") from U.S. Magistrate Judge Kristen L. Mix, recommending that defendants', Family Dollar Stores of Colorado, Inc., Family Dollar Stores, Inc., and Dollar Tree, Inc. (collectively, "defendants"), Partial Motion to Dismiss and Motion to Dismiss ("the motion to dismiss") be granted, and Claims One and Two of the Complaint be dismissed without prejudice for lack of standing and Claim Three be dismissed without prejudice for lack of supplemental jurisdiction. (ECF No. 43.) The Magistrate Judge advised the parties that they had 14 days in which to file specific, written objections to the R&R in order to preserve issues for *de novo* review. (*Id.* at 15.) On the fourteenth day, plaintiffs John F. Garcia ("Garcia"), by and through his guardian Phyllis Garcia, and Lisa Pacheco ("Pacheco," and, with Garcia, "plaintiffs") filed the only objections to the R&R. (ECF No. 47.) Defendants then filed a response. (ECF No. 49.)

## I. Review of a Magistrate Judge's Report and Recommendation

A district court may refer pending motions to a magistrate judge for entry of a report and recommendation. 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b). The court is free to accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3). A party is entitled to a *de novo* review of those portions of the report and recommendation to which specific objection is made. *See* Fed.R.Civ.P. 72(b)(2), (3). "[O]bjections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30 St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *see also See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."). Furthermore, arguments not raised before the magistrate judge need not be considered by this Court. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## II. The Magistrate Judge's Findings and Defendant's Objections

The Magistrate Judge, first, found that Garcia lacked standing to pursue injunctive relief through Claim One of the Complaint. (ECF No. 43 at 8-9.) The Magistrate Judge found that, because plaintiffs alleged that Garcia refused to return to a Family Dollar store, it was clear he had no concrete, present plan to return to any such store. (*Id.*) The Magistrate Judge next found that Pacheco lacked standing to pursue injunctive relief through Claim Two of the Complaint. (*Id.* at 9-12.) The Magistrate Judge found that plaintiffs failed to allege any Family Dollar stores Pacheco might visit, when she might do so, or whether any other stores had access problems like the

problem encountered in one store. (*Id*. at 11-12.) Finally, the Magistrate Judge recommended declining to exercise supplemental jurisdiction over Claim Three, as it is a state law claim and dismissal had been recommended as to all federal claims. (*Id*. at 12-14.)

Plaintiffs object to the Magistrate Judge's findings that they lack standing to pursue their federal claims for injunctive relief. (ECF No. 47 at 7-16.) Defendant asserts that the Magistrate Judge failed to address their "main theory for standing," which is that they have been deterred from returning to Family Dollar stores. (*Id*. at 8-16.) Plaintiffs also argue that this Court should accept jurisdiction over their state law claim because they intend to amend their Complaint so that jurisdiction for that claim is premised upon diversity. (*Id*. at 17-18.)[1]

In light of the arguments plaintiffs raise with respect to the standing issue, the Court will review whether they have standing to pursue Claims One and Two of the Complaint *de novo*.

## III. Discussion

Plaintiffs "main" argument with respect to standing is that the actions of certain employees at a Family Dollar store in Pueblo, Colorado have deterred them from returning to the same store or any other Family Dollar stores. Although the Magistrate Judge found that plaintiffs failed to show standing due to a failure to show that they had a concrete, present plan to return to any Family Dollar store, the Court finds a different critical flaw in plaintiffs' argument.[2]

---

[1] Although plaintiffs set forth in their objection the facts they believe are pertinent (*see* ECF No. 47 at 3-6), they fail to provide any, let alone specific, objections to the Magistrate Judge's recitation of the pertinent facts. Therefore, the Court will use the facts set forth in the R&R (*see* ECF No. 43 at 2-3).

[2] That being said, the Court agrees with the Magistrate Judge in that, at the very least, Garcia has alleged no intention to ever return to a Family Dollar store, and, more importantly, has not alleged that he is deterred from returning. The Complaint is clear in that respect, as it alleges that Garcia refused to go back to Family Dollar. (*See* ECF No. 1 at ¶ 34.) Although an affidavit from Garcia's sister attempts to re-write the Complaint, even the affidavit (to the extent it can be deemed consistent with the allegations in the Complaint) does not say that Garcia has been deterred from returning to a Family Dollar store. At most, the

3

In presenting their argument, plaintiffs cite a number of Circuit cases where they assert courts have adopted a deterrence theory for standing. (ECF No. 47 at 10.) Although, as plaintiffs concede, not one of those cases is from the Tenth Circuit Court of Appeals (*see id*. at 11), at this juncture, the Court is willing to accept that a deterrence theory may be accepted by the Tenth Circuit. What then is this theory? Plaintiffs cite a Ninth Circuit Court of Appeals case for the basic principles: "So long as discriminatory conditions continue, and so long as a plaintiff is aware of them and remains deterred, the injury under the ADA continues." (*Id*. at 10 (citing *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133 (9th Cir. 2002)).

The critical flaw in plaintiffs' argument is that the Complaint fails to plausibly allege that discriminatory conditions are continuing at any Family Dollar stores. The closest the Complaint gets to even addressing this issue is the following paragraph:

> Based on Defendants' collective management and operation, and the callous refusal by Defendants' corporate office to address Plaintiffs' complaints, Plaintiffs believe that the discrimination they endured at Family Dollar is not a one-time event. They fear that if they attempt to enter any of Defendants' stores, and particularly the Family Dollar store located at 1151-A South Prairie Avenue in South Pueblo, they would again be refused service because of their disabilities or their association with disabled individuals.

(ECF No. 1 at ¶ 37.)

That collection of allegations does not create a plausible sense that any discriminatory conditions are actually continuing at any Family Dollar store, not least because the Complaint does not allege that. Plaintiffs may be correct that their "fear" of returning to a Family Dollar store is deterring them from doing so (*see* ECF No. 47 at 12-13), and, arguably, this may be sufficient

---

affidavit states that Garcia's sister is deterred from returning to a Family Dollar store with her brother. (*See* ECF No. 27-1 at ¶¶ 7-8.) Contrary to plaintiffs' apparent belief, that is not the same thing as *Garcia* being deterred.

deterrence for the standard enunciated in *Pickern*. But deterrence is only one part of the standard. There must also be *continuing* discrimination. While the events that transpired on September 17, 2014 may have been an act of discrimination, there is no allegation in the Complaint that, that conduct is continuing. The only allegation is that plaintiffs *fear* the discrimination will occur again. That fear, however, is not based upon any alleged reality.

This is especially so, here, where it is undisputed that the employees allegedly at fault for the conduct on September 17, 2014—Valerie McWilliams and Barry Shelton—are no longer working at the Family Dollar store plaintiffs attempted to enter on that day. (*See* ECF No. 10-1 at 1-2.) Although plaintiffs attack the Magistrate Judge's reliance on this fact, plaintiff does not dispute that the employees no longer work at the store. (*See* ECF No. 47 at 13 n.4, 14-15.)[3] Moreover, the Court rejects plaintiffs' argument that "it can be fairly inferred from their allegations, that Defendants have a corporate policy of excluding groups of disabled individuals and/or corporate policies, procedures, and/or lack of training foster the exclusion of individuals with disabilities." (*See id*. at 15.) Conveniently, plaintiffs fail to cite to any of the purported allegations in the Complaint from which such an inference could be made. As discussed *supra*, the Court cannot find any either. Even in the abstract, plaintiffs allege no policies, procedures, or lack of training in the Complaint that have led to the exclusion of disabled individuals.

In summary, the critical aspect here is that discriminatory conditions be continuing. Because plaintiffs have failed to allege any plausible facts, instead of speculative assertions, that would suggest any discrimination is continuing at any Family Dollar stores, even if plaintiffs are deterred

---

[3] The Court notes that merely because this Court credits undisputed evidence from the affidavit in support of the motion to dismiss, does not mean that the Court has not credited Pacheco's assertion that she is deterred. (*See id*. at 13 n.4.) The Court has credited both matters. As explained *supra*, though, merely because Pacheco is deterred is not enough to give her standing in this case.

from returning to such a store, and even if the "deterrence theory" upon which plaintiffs rely applied, they have suffered no injury that can be redressed by injunctive relief under the Americans with Disabilities Act.[4]

This leaves plaintiffs' argument that the Court should exercise supplemental jurisdiction over Claim Three because plaintiffs intend to file an amended complaint at some point alleging a basis for jurisdiction premised upon diversity for that claim. (ECF No. 47 at 17-18.) The Court declines to accept this invitation for the simple reason that far too many eventualities are at play in what plaintiffs propose. Notably, plaintiffs will have to move for leave to file an amended complaint, which, as plaintiffs appear to be aware, will require that they show, *inter alia*, "good cause" for the amendment. *See id*. at 18; *see also Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). There is no guarantee that any such motion will be granted, and thus, the Court could still be left with supplemental jurisdiction alone as the jurisdictional basis for Claim Three.

As a result, as the Magistrate Judge recommended, the Court declines to exercise supplemental jurisdiction over plaintiffs' state law claim when all federal claims have been dismissed. (*See* ECF No. 43 at 12-14.) Should plaintiffs decide to file a motion to amend, then the dust will settle where it settles. Plaintiffs may, of course, come to the conclusion that pursuing their state law claim in state court is a better course. What the Court will not do, though, is preempt any such decision by exercising supplemental jurisdiction.

---

[4] The Court notes that plaintiffs may only seek injunctive relief with respect to the claims they have raised under the ADA. *See* 42 U.S.C. § 12188(a)(1), *referencing* 42 U.S.C. § 2000a-3(a) (providing for injunctive relief when private individuals are aggrieved by a violation of the statute).

**IV.    Conclusion**

For the reasons discussed herein, the Court:

(1)    REJECTS plaintiffs' objections (ECF No. 47) to the R&R;

(2)    GRANTS the motion to dismiss (ECF No. 10) as set forth herein;

(3)    DISMISSES the Complaint (ECF No. 1) as follows:

    (i)    DISMISSES WITHOUT PREJUDICE Claims One and Two for lack of standing; and

    (ii)    DISMISSES WITHOUT PREJUDICE Claim Three for lack of supplemental jurisdiction; and

(4)    ADOPTS the R&R (ECF No. 43) to the extent consistent with this Order.

To the extent plaintiffs wish to move for leave to file an amended complaint with respect to Claim Three only, they must do so **on or before August 30, 2017**. Should plaintiffs not do so by that date, the Court will enter Judgment and then Close this case.

**SO ORDERED.**

DATED this 16th day of August, 2017.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge